UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jean Marie Perdue,

               Plaintiff,        Civ. No. 09-992 (RHK/FLN)
                                      **MEMORANDUM OPINION
                                      AND ORDER**

v.

Walgreen Co.,

               Defendant.

---

Francis J. Rondoni, Gary K. Luloff, Chestnut Cambrone, PA, Minneapolis, Minnesota, for Plaintiff.

Jeffrey A. Muszynski, Brian A. Wood, Lind, Jensen, Sullivan & Peterson, PA, Minneapolis, Minnesota, for Defendant.

---

## INTRODUCTION

Plaintiff Jean Marie Purdue has sued the well-known drug-store chain, Defendant Walgreen Co. ("Walgreens"),[1] for injuries sustained when she slipped and fell at a Walgreens store in Minneapolis. Walgreens now moves for summary judgment. For the reasons set forth below, the Court will grant the Motion.

## BACKGROUND

The core facts are not in dispute. On May 31, 2007, Purdue went to a Walgreens store on Lake Street in Minneapolis to pick up a prescription. (Compl. ¶ 4; Perdue Dep.

---

[1] The Court refers to Defendant by its more commonly known name, Walgreens.

Tr. at 107.)[2] After picking up her medication, she walked down an aisle toward the exit. (Compl. ¶ 5; Perdue Dep. Tr. at 111.) She then slipped and fell, causing serious injuries. (Compl. ¶ 7; Perdue Dep. Tr. at 50.) This action followed.

While there is no dispute that Perdue fell at the store, the parties hotly contest the circumstances surrounding that fall. Complicating matters is Perdue's recollection of the accident, which has varied over time, ostensibly due to memory problems caused by epilepsy. (Perdue Aff. ¶¶ 2-3.) When she filed her Complaint, she alleged:

> [A]fter picking up her . . . medicine, [Perdue] was walking towards the exit of the store through an aisle in which an employee . . . was stocking product onto the shelves and had been consuming a bottle of water; . . . at said time and place, the . . . employee had left the cap of the water bottle on the floor in such a manner and in such a location to not be readily ascertainable.
>
> [W]hile walking by the Defendant's employee, [Perdue] accidentally stepped on the water cap left by the . . . employee on the floor, causing [her] to fall on her back and to hit her head.

(Compl. ¶¶ 5-6.) She later submitted an interrogatory answer consistent with this description of the accident. (Rondoni Aff. Ex. C at 7 ("I was walking down an aisle, and in the aisle a stock girl was working, was drinking a bottle of water, but had left the cap of the water bottle on the floor. I did not see it, slipped on it, and fell very hard.").)

At her subsequent deposition, however, Perdue could recall few details of the accident. Indeed, the deposition transcript indicates that she responded "I don't remember" more than one hundred times to questions posed to her. Notably, however,

---

[2] Although this is the summary-judgment stage, the Court may rely upon Perdue's Complaint because she verified its contents. See, e.g., Roberson v. Hayti Police Dep't, 241 F.3d 992, 994 (8th Cir. 2001) ("[A] plaintiff's verified complaint is the equivalent of an affidavit for purposes of summary judgment.") (citation omitted).

she did *not* equivocate when asked if she knew how the bottle cap came to be on the floor: she testified that she did not. (Perdue Dep. Tr. at 118 ("Q: Do you know where it came from? A: No, sir. Q: Do you know how long it was there? A: No. Q: Do you know who put it there? A: No.").)

Based upon Perdue's deposition testimony, Walgreens now moves for summary judgment. It argues that she cannot establish that it had actual or constructive knowledge of a dangerous condition arising from the cap being on the floor.[3]

## STANDARD OF DECISION

Summary judgment is proper if, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party bears the burden of showing that the material facts in the case are undisputed. Id. at 322; Mems v. City of St. Paul, Dep't of Fire & Safety Servs., 224 F.3d 735, 738 (8th Cir. 2000). The Court must view the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to the nonmoving party. Graves v. Ark. Dep't of Fin. & Admin., 229 F.3d 721, 723 (8th Cir. 2000); Calvit v. Minneapolis Pub. Schs., 122 F.3d 1112, 1116 (8th Cir. 1997). The nonmoving party may not rest on mere allegations or denials, but must show

---

[3] In response to the instant Motion, Perdue submitted an Affidavit in which she averred that "prior to [the] fall in the aisle . . ., I did see a woman stocking shelves and . . . this person had an open water bottle nearby on the floor." (Perdue Aff. ¶ 5.) Although the Affidavit said nothing about how a bottle cap came to be on the floor, Walgreens nevertheless argues that the Court should ignore it as a sham affidavit. (See Reply at 1.) The Court need not do so, because even if the Affidavit is considered, Perdue's claim still fails.

through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

## ANALYSIS

The controlling legal principles are not in dispute. Under Minnesota law,[4] a negligence plaintiff must prove: (1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; (3) the breach proximately caused harm to the plaintiff; and (4) damages. E.g., Gilbertson v. Leininger, 599 N.W.2d 127, 130 (Minn. 1999). A storeowner like Walgreens owes a duty to maintain its premises "in reasonably safe condition for the use of all persons . . . invited to enter." Norman v. Tradehome Shoe Stores, Inc., 132 N.W.2d 745, 748 (Minn. 1965) (citation omitted); accord, e.g., Grant v. J.C. Penney Corp., Civ. No. 02-4343, 2003 WL 22996915, at *3 (D. Minn. Dec. 18, 2003) (Kyle, J.). The mere fact that an invitee slips and falls in a defendant's premises is insufficient to establish liability. Id. Rather, "to prevail on a negligence claim relating to a dangerous condition on property, the plaintiff has the burden of proving either that [the] defendant caused the dangerous condition or that it knew, or should have known, that the condition existed." Deleon v. Target Corp., No. A09-1640, 2010 WL 2485724, at *2 (Minn. Ct. App. June 22, 2010) (quoting Messner v. Red Owl Stores, Inc., 57 N.W.2d 659, 662 (Minn. 1953)); accord, e.g., Grant, 2003 WL 22996915, at *3; Rinn v. Minn.

---

[4] Neither party suggests that any other state's law applies in this case. See BBSerCo, Inc. v. Metrix Co., 324 F.3d 955, 960 n.3 (8th Cir. 2003) (law of forum state applies by default where parties do not raise choice-of-law issue).

State Agric. Soc'y, 611 N.W.2d 361, 365 (Minn. Ct. App. 2000). "[S]peculation as to who caused the dangerous condition . . . warrants judgment for the [storeowner]." Id.

Here, Perdue argues that she has presented sufficient evidence to create a jury question as to whether Walgreens had actual knowledge of a dangerous condition created by the bottle cap. (See Mem. in Opp'n at 8, 10.)[5] Walgreens counters that there is nothing beyond speculation to support that contention. The Court agrees with Walgreens.

A careful review of the evidence upon which Perdue bases her argument lays bare its flaw. Specifically, she points to her interrogatory response, in which she stated that a Walgreens employee was in the aisle in question *and placed a bottle cap on the floor*. (Rondoni Aff. Ex. C at 7.)[6] But no fair reading of the evidence in this case would permit the conclusion that Perdue had personal knowledge that a Walgreens employee placed a bottle cap on the floor. Indeed, she acknowledged in the interrogatory response that she

---

[5] Slip-and-fall plaintiffs typically proceed under the more forgiving standard of constructive knowledge. While Perdue has opted not to do so here, she has nevertheless attempted to leave open the door to such an argument at trial. (See Mem. in Opp'n at 8 ("While a constructive knowledge argument may be made at trial, at this time Plaintiff has presented sufficient evidence of **actual** knowledge to survive summary judgment.") (emphasis in original).) This she cannot do. Walgreens raised the constructive-knowledge issue in its brief (see Def. Mem. at 4, 6-9), thereby obligating Perdue to bring forth her evidence on that question and "raise an issue of fact sufficient to send to the jury." Longi v. Cnty. of Suffolk, No. CV-02-5821, 2008 WL 858997, at *6 (E.D.N.Y. Mar. 27, 2008) (citations omitted); accord, e.g., Hammel v. Eau Galle Cheese Factory, 407 F.3d 852, 859 (7th Cir. 2005) (summary judgment is the "put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events"); Perma Research & Dev. Co. v. Singer Co., 410 F.2d 572, 578 (2d Cir. 1969) ("[A] party who resists summary judgment cannot hold back his evidence until the time of trial."). In light of her failure to do so, the Court deems the issue of constructive knowledge abandoned. See, e.g., Thulin v. EMC Mortg. Corp., Civ. No. 06-3514, 2007 WL 3037353, at *6 (D. Minn. Oct. 16, 2007) (Kyle, J.).

[6] Although not referenced by Perdue, the Complaint – which as noted above is treated at this juncture as an affidavit – contains the same assertion. (Compl. ¶ 5.)

"did not see" the bottle cap before slipping on it (id.), and in her deposition she stated unequivocally that she had no idea how the cap came to be on the floor (Perdue Dep. Tr. at 118).[7] And despite having scoured the record, the Court has uncovered no other evidence suggesting that Perdue learned this fact in some other way.

Therein lies the rub. It is well-settled that the Court may consider at summary judgment only admissible evidence. E.g., Moore v. Indehar, 514 F.3d 756, 758 (8th Cir. 2008). Interrogatory responses are admissible "to the extent allowed under the Federal Rules of Evidence." Fed. R. Civ. P. 33(c). And under Federal Rule of Evidence 602, a witness may not testify about matters as to which she lacks personal knowledge. Accordingly, parties

> cannot expect the court, in considering answers to interrogatories, to give weight to averments not made upon personal knowledge or those which are in a form patently inadmissible at trial.
>
> In summary judgment proceedings, answers to interrogatories are subject to exactly the same infirmities as affidavits. Although such answers may be given effect so far as they are admissible under the rules of evidence, they should be accorded no probative force where they are not based upon personal knowledge or are otherwise deficient. Interrogatory answers, like affidavits, can block [summary] disposition only insofar as they are made on personal knowledge, . . . set forth such facts as would be admissible in evidence, and . . . show affirmatively that the [signing party] is competent to testify to the matters stated therein.

Garside v. Osco Drug, Inc., 895 F.2d 46, 49-50 (1st Cir. 1990) (internal quotation marks and citations omitted); accord, e.g., Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir. 1995) ("Answers to interrogatories must meet the requirement of Rule 56(e)

---

[7] There is, of course, an obvious reason for this: if Perdue had, in fact, seen a Walgreens employee place a bottle cap on the floor before she slipped, her claim likely would fail because store owners are not liable for "obvious" hazards. E.g., Louis v. Louis, 636 N.W.2d 314, 319 (Minn. 2001).

that evidence offered in opposition to a motion for summary judgment must be made on personal knowledge.") (internal quotation marks and citation omitted). The upshot, then, is that the interrogatory response cannot be used to sustain the contention that a Walgreens employee placed the bottle cap on the floor. The same is true of the Complaint, which the Court considers as an affidavit. See Fed. R. Civ. P. 56(e)(1) (affidavit opposing summary judgment must be made on personal knowledge).

With this "evidence" stripped from the record, Perdue is left with only speculation as to how the bottle cap got to the floor and, hence, whether Walgreens had actual knowledge thereof. The remaining evidence, when viewed in the light most favorable to Perdue, indicates that a Walgreens employee was in the aisle, drinking from an open water bottle that the employee placed on the floor. (Compl. ¶ 5; Perdue Aff. ¶ 5; Rondoni Aff. Ex. C at 7.) Perdue argues that this evidence is sufficient to permit a jury to *infer* that the bottle cap came from the employee's water bottle. (Mem. in Opp'n at 9.) But the record is devoid of any evidence indicating how far away that employee was from the spot where Perdue fell or any evidence that the bottle cap on which she (allegedly) slipped would even fit on that water bottle. In fact, there is no evidence that she ever saw a cap on the bottle at all. Her counsel conceded at oral argument that Walgreens sells bottled beverages of various types containing caps, any one of which may have been the source of the cap in question. And rather than having come from a Walgreens employee, it is equally plausible that the cap came from another customer roaming the aisles.

Although the line between inference and speculation is often a hazy one, "[p]ermissible inferences must . . . be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the jury when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Twin City Plaza, Inc. v. Cent. Sur. & Ins. Corp., 409 F.2d 1195, 1202 n.4 (8th Cir. 1969); accord, e.g., Zappa v. Charles Mfg. Co., 109 N.W.2d 420, 425 (Minn. 1961) (inference "not based upon an adequate factual foundation . . . has no evidentiary value and should be rejected"). In the Court's view, there is insufficient evidence here to support the inference Perdue asks the Court (and a jury) to draw; only through conjecture or surmise could one conclude that the bottle cap upon which she (allegedly) slipped came from the employee's bottle, rather than from another customer. See, e.g., Bob Useldinger & Sons, Inc. v. Hansgleben, 505 N.W.2d 323, 328 (Minn. 1993) (in opposing summary judgment, party may not rely on general statements of fact but must point to specific facts that create issue for trial; such facts must be based on "concrete evidence" and "have some foundation other than mere conjecture"); Otis v. First Nat'l Bank of Minneapolis, 195 N.W.2d 432, 433 (Minn. 1972) (*per curiam*) (no inference of actual knowledge of puddle on floor could be drawn despite hard rain outside); Messner, 57 N.W.2d at 662 (affirming directed verdict for defendant where plaintiff slipped on banana peel in area of grocery store adjacent to produce department because "[t]here was no direct evidence as to how the banana peels came to be on the floor"); Ramirez v. MarkeTown Foods, No. C2-00-1736, 2001 WL 682732, at *2 (Minn. Ct. App. June 19, 2001) (summary judgment for grocery store affirmed where plaintiff proffered no "competent, non-speculative evidence" that store employee spilled

water and lettuce on floor). Such speculation "as to who caused [the] dangerous condition" about which Perdue complains "warrants judgment for" Walgreens. <u>Rinn</u>, 611 N.W.2d at 365.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. No. 21) is **GRANTED** and Plaintiff's Complaint (attached to Doc. No. 1) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: September 9, 2010

s/Richard H.Kyle
RICHARD H. KYLE
United States District Judge